VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        23-AP-055



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2023

James Gibbons Jr.\* v. Dana Gray &
Caledonian Record

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Caledonia Unit,
Civil Division
CASE NO. 22-CV-02809
Trial Judge: Daniel Richardson

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the trial court's dismissal of his complaint and its award of attorney's fees to defendants.  We affirm.

The record indicates the following.  In July 2022, the Caledonian Record published an article about a criminal hearing involving plaintiff.  The article referenced testimony about plaintiff's acts of physical violence toward a witness.  It also cited the trial court's findings in support of its decision to detain plaintiff pending his criminal trial.

Plaintiff sued the newspaper and the article's author for defamation and violation of his civil rights.  Defendants moved to strike the complaint under 12 V.S.A. § 1041 and to dismiss the complaint.  See id. § 1041(a) (allowing "[a] defendant in an action arising from the defendant's exercise, in connection with a public issue, of the right to freedom of speech . . . [to] file a special motion to strike under this section").  By law, the court must grant a motion to strike unless it finds in relevant part that "[t]he defendant's exercise of his or her right to freedom of speech and to petition was devoid of any reasonable factual support and any arguable basis in law."  Id. § 1041(e)(1)(A).  In response to defendants' motions, plaintiff moved to dismiss his complaint.  He acknowledged that defendants were likely to prevail but sought dismissal without prejudice.

In a November 2022 order, the court dismissed plaintiff's complaint with prejudice. It explained that the Legislature had enacted 12 V.S.A. § 1041 to protect the public's free speech rights, including freedom of the press to report factually accurate information gleaned from a court proceeding. While plaintiff indicated that he no longer wished to pursue his claim, the court found dismissal with prejudice appropriate given that plaintiff's claims lacked legal merit.

Defendants then requested $8,192.40 in attorney's fees and expenses under 12 V.S.A. §§ 1041(f)(1) and 5771. Section 1041(f)(1) states that "[i]f the court grants the special motion to strike, [it] shall award costs and reasonable attorney's fees to the defendant." Section 5771 allows the court to award attorney's fees to a defendant who prevails in a defamation action where "the court finds that the action was frivolous and without merit." Plaintiff did not contest the fee request below.

In a January 2023 order, the court granted defendants' request. It found the fee award appropriate under the law and the amount requested reasonable. In making its award, the court recounted the procedural history of this case. It cited defendants' thorough and well-researched motion to dismiss and motion to strike under 12 V.S.A. § 1041 in response to plaintiff's complaint and discovery requests. It recognized that Vermont's anti-SLAPP law allows a court to dismiss an action whose purpose is to discourage participation in the public process. The court explained that before it could consider defendants' motions, plaintiff moved to dismiss his complaint without prejudice. Recognizing the frivolous nature of plaintiff's complaint, defendants' right to strike a frivolous action under 12 V.S.A. § 1041, and the futility of plaintiff's action, regardless of when and how he sought to litigate it, the court had dismissed the case with prejudice.

The court concluded that it would be unfair to allow plaintiff to escape liability from the mandatory attorney's fees provision in § 1041 by prematurely dismissing his action in the face of defendants' well-supported motion to strike. It would force defendants to carry the heavy burden of litigation without the relief intended by the Legislature. See Cornelius v. Chronicle, Inc., 2019 VT 4, ¶ 21, 209 Vt. 405 (recognizing that "[o]ne aim of the fee-shifting provision is to act as a deterrent to individuals considering whether to bring such suits in the first place"). For this and other reasons, the court granted defendants' attorney-fee request. Following issuance of a final judgment order, this appeal followed.

On appeal, plaintiff discusses his motivation for filing suit and the reason why he sought dismissal. He challenges the attorney-fee award as unwarranted given his dismissal request and argues that the amount of the award is unreasonable. Plaintiff also asserts that the court should have held a hearing on defendants' motion to strike.

Plaintiff did not raise these arguments below. He did not respond to defendants' motion for attorney's fees. He did not request a hearing on the motion to strike; he instead moved to dismiss his complaint. Plaintiff fails to show that he preserved his claims of error and we therefore do not address them. See Bull v. Pinkham Eng'g Assocs., Inc., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). Plaintiff's assertions as to his motivation in filing suit, assuming they were raised

2

below, have no bearing on the issues raised in this appeal. We find no error in the court's decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice

3